JUSTICE RICE
dissenting.
¶3 2 I dissent. Unfortunately, the Court has not considered all the facts of this matter, and thus, the law is not correctly applied. Because I conclude that Van Dort was not arrested, I would not apply the Beach analysis to determine if his subsequent confession had been improperly tainted by an unlawful arrest.
¶33 The Court sets forth the appropriate standard for determining whether an arrest has occurred, correctly stating that our three-part test is applied by assessing “all the facts and circumstances of each case.” Thorton, 218 Mont. at 323, 708 P.2d at 277. However, despite the Court’s assertion that it has considered all “relevant circumstances,” the Court has failed to do so, focusing instead on a single fact-Deputy Olson’s repeated statement to Van Dort that he was not under arrest -and finds that statement to be insufficient to dispel Van Dort’s claim that Olson exerted authority to arrest him. Reviewing the entire record reveals a distinctly different picture than that portrayed by the Court.
¶34 The officers initiated the stop of Van Dort’s vehicle 15 miles out of Cut Bank, in March, as darkness was falling. After arresting Hawley, and deciding to impound and search the vehicle upon *313 obtaining a search warrant, officers were faced with the question of what to do with Van Dort. As Officer Olson testified, he had probable cause at that moment to arrest Van Dort for theft of the gasoline-, but he wanted to complete his investigation before deciding on the charges. Thus, he advised Van Dort that he was not under arrest, but that wanted to speak with him further.[1] As the District Court found, it was not reasonable that such questioning should occur “on the shoulder of Highway 2,” 15 miles out of town.
¶35 Thus, the officers decided to transport Olson back to Cut Bank. Indeed, it would have been irresponsible, and incompatible with their public safety duties, for officers to have abandoned Van Dort at this location, especially during this time of day and year. However, because Olson was already transporting a reserve officer, a police dog, and some equipment, his vehicle could not accommodate another passenger. Thus, Van Dort had to be transported by Highway Patrolman Barry, who was assisting at the scene. Consequently, Van Dort was placed in the back of Patrolman Barry’s vehicle-next to Hawley.[2] At that point, it became apparent that handcuffing was necessary, not just for officer safety, but for the safety of Van Dort and Hawley. As Officer Olson testified when asked why Van Dort was handcuffed: “[W]e didn’t know what the reaction was going to be between the two defendants ... we really didn’t know how they were going to react towards each other. And we didn’t have a vehicle there to transport Van Dort, other than the Highway Patrol vehicle.”
¶36 Van Dort’s transport to Cut Bank was a matter of security and safety of the defendants, and was not an arrest of Van Dort. While in the back of the patrol vehicle, Van Dort told Hawley that he (Van Dort) was not under arrest. Further, Van Dort testified that:
[Officer Olson] told me I was not under arrest, at that time. And at that time I got the feeling that I was being given a ride back to the police station since the vehicle was being impounded.
Nothing could better establish that Van Dort had not been placed under arrest. Not even Van Dort believed he was under arrest. At the Sheriffs Office, Van Dort was separated from Hawley, the handcuffs were taken off Van Dort and he was taken to an unlocked interview room while Officer Olson was arriving in a different vehicle. As the *314 District Court found, Officer Olson began the interview by advising Van Dort that he was not under arrest, and that he was free to go, but that Olson would like to ask Van Dort some questions. Van Dort voluntarily agreed to stay and talk to Olson.
¶37 Not all citizen contacts with law enforcement involving transportation in a patrol car or conversation within a police station necessarily constitute an arrest. Thorton requires that “all of the facts and circumstances” of the matter be carefully considered. I believe the circumstances here contrast arrest procedures, and demonstrate that Van Dort had not been arrested. Although the Court correctly states that “[t]o rely on Deputy Olson’s statement [to Van Dort that he was not under arrest] as dispositive of this issue would be to undermine the reasonable person standard of Thorton” there is much more to the issue here than Olson’s statement. A review of the entirety of the circumstances reveals that Officer Olson’s statement was merely an accurate reflection of those circumstances and of Van Dort’s status.
¶38 For these reasons, I would affirm the District Court.

 Van Dort was later charged with theft of the gasoline.

 The Court incorrectly implies that Hawley and Van Dort were transported in different vehicles. See ¶ 6.